**Ricardo C. GARZA, Plaintiff—Appellant,**

v.

**CITY OF TULARE, Defendant—Appellee.**

No. 02–15435.

D.C. No. CV–00–06172–LJO.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM ***

Ricardo C. Garza appeals pro se the district court's grant of summary judgment in his employment discrimination action against the City of Tulare ("the City") arising from his rejection for a promotion to a supervisory position. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994), and may affirm on any ground supported by the record, *Steckman v. Hart Brewing, Inc.*,

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

143 F.3d 1293, 1295 (9th Cir.1998). We affirm.

The district court correctly granted the City's motion for summary judgment on Garza's claim of age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, because Garza did not establish a prima facie case of disparate treatment. *See Wallis,* 26 F.3d at 891 (setting forth elements of prima facie case); *cf. Lindahl v. Air France,* 930 F.2d 1434, 1438 (9th Cir.1991) (concluding prima facie case established in failure to promote case where selected candidate was under age 40).

The district court also properly granted summary judgment on Garza's state law claim for breach of the implied covenant of good faith and fair dealing because the terms of Garza's employment are governed by statute, not contract. *See Kemmerer v. County of Fresno,* 200 Cal.App.3d 1426, 246 Cal.Rptr. 609, 612–13 (Cal.Ct.App. 1988). Similarly, Garza's claim for intentional infliction of emotional distress is barred by the exclusive remedies provided under California's worker's compensation statute. *See* Cal. Lab.Code § 3602(a); *Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 233 Cal.Rptr. 308, 315, 729 P.2d 743 (Cal.1987).

Finally, we reject Garza's contentions that he did not understand the rules of procedure and was unable to present his side of the case because he did not have an attorney. *See Jacobsen v. Filler,* 790 F.2d 1362, 1364–67 (9th Cir.1986) (rejecting pro se litigant's argument that district court had a duty to advise him of measures he should take to oppose defendants' summary judgment motion). We also deny Garza's request for appointment of counsel

on appeal because he has not demonstrated any exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Rivera's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.